IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CHARLES KENZELL CARTER,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:20cv00409 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **CORR. OFF. C. COLE,** *et al.*, | ) | By:   **Hon. Thomas T. Cullen** |
| | ) |         **United States District Judge** |
| Defendants. | ) | |

This matter is before the court on Carter's motion seeking preliminary injunctive relief (ECF No. 86) in this civil action filed under 42 U.S.C. § 1983. Having reviewed the motion, the court concludes that there is no basis for granting the requested relief and will deny the motion.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a "clear showing" that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008). The party seeking relief must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd.*, 952 F.2d at 812. Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant preliminary injunctive relief. *Rum Creek Coal Sales, Inc.*

*v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991). Further, an interlocutory injunction is not appropriate when the harm complained of does not arise from the harm alleged in the complaint. *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). The movant must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *Id.*; *see also In re Microsoft Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel*, 111 F.3d at 16; *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

In his underlying complaint, Carter alleges that the defendants used excessive force against him, failed to intervene when others used excessive force against him, and denied him adequate medical treatment. In his motion seeking preliminary injunctive relief, Carter alleges that in June 2021, staff at Red Onion State Prison gave him frozen food and "tamper[ed]" with his food by contaminating it with urine. (ECF No. 86, at 1.) Carter mailed the alleged urine to the court in an envelope and asks the court to test the substance, at his expense.[1] Carter asks the court to order DNA testing on a food-baking sheet and to order staff to stop retaliating against him.

Carter's allegations in his motion are not related to his claims in his underlying lawsuit and Carter has not established the requisite relationship between the injury claimed in the motion and the conduct giving rise to the complaint. In addition, Carter has not demonstrated that he is likely to suffer "actual and imminent" irreparable harm in the absence of the preliminary injunction. Based on the foregoing, it is **ORDERED** that Carter's motion (ECF

---

[1] The court has turned the "brown substance" over to the United States Marshals Service.

- 3 -

No. 86) is **DENIED**. The court notes that nothing in this Order prohibits Carter from filing a separate civil action concerning his retaliation and food claims, after he has exhausted available administrative remedies.

    The clerk is directed to send a copy of this order to the parties.

    **ENTERED** this 1st day of March, 2022.

                                         */s/ Thomas T. Cullen*
                                         HON. THOMAS T. CULLEN
                                         UNITED STATES DISTRICT JUDGE